UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JEFFERSON ELIE, #1057268
Petitioner,

v.  ACTION NO. 2:10cv222

HAROLD W. CLARKE,[1]
Director of the Virginia
Department of Corrections,

Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

Petitioner Jefferson Elie ("Elie") was convicted on May 6, 1999 in the Circuit Court for the City of Newport News of five counts of robbery, two counts of attempted robbery, eight counts of use of a firearm in the commission of a felony, two counts of maiming by mob, and aggravated malicious wounding. He was sentenced to a total of 138 years in the Virginia penal system, with 88 years suspended. Elie is presently serving his term of imprisonment in the Lawrenceville Correctional Center in Lawrenceville, Virginia.

His convictions were affirmed by the Virginia Court of Appeals on April 19, 2000, and by

---

[1] Inasmuch as the petition designates an extraneous party respondent, it is ORDERED that the petition shall be deemed amended to substitute as the sole respondent in this proceeding Harold W. Clarke, Director of the Virginia Department of Corrections. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

the Supreme Court of Virginia on August 2, 2000. Elie filed a Petition for Writ of Habeas Corpus in the Circuit Court for the City of Newport News on June 28, 2001, which was dismissed on August 31, 2001.

On April 17, 2003, Elie filed a Motion for a New Trial in the Circuit Court for the City of Newport News. His motion was based on an affidavit executed February 7, 2002 by Jason Stephens. Following the circuit court's denial of the Motion for a New Trial on April 24, 2003, Elie appealed to the Supreme Court of Virginia, which dismissed the petition for appeal on October 2, 2003.

On January 15, 2009, Elie filed a Motion to Vacate an Unlawful Conviction and Sentence in the Circuit Court for the City of Newport News relying on the 2002 Stephens affidavit. The motion was denied on February 11, 2009. Elie's petition for appeal of the judgment was refused by the Supreme Court of Virginia on September 10, 2009, in an order finding "no reversible error."

On May 17, 2010, Elie filed a "Motion for Relief from State Court Conviction Pursuant to Federal Rule of Civil Procedure Rule 60(b)" (ECF No. 1). The Federal Rules of Civil Procedure, including Rule 60(b), apply to civil actions filed in federal district courts, *see* Fed. R. Civ. Pro. 1, and cannot provide relief from a state court criminal judgment. *See Miller v. Johnson*, No. 7:06cv611, 2010 WL 3783773 (W.D. Va. Sept. 28, 2010). Accordingly, the Court has construed Elie's motion as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, which allows a state prisoner to apply to federal court for relief from a violation of his constitutional rights in the course of his state court proceedings. Respondent filed a Rule 5 Answer and Motion to Dismiss (ECF No. 9) on November 5, 2010. The time for filing an opposition to the motion to dismiss has expired, and this matter is ripe for adjudication.

2

## Grounds Alleged

Elie asserts he is entitled to relief under 28 U.S.C. § 2254 because there was insufficient evidence to convict him of robbery and attempted robbery, and the convictions resulted from the occurrence of fraud upon the court as shown by the after discovered evidence of the affidavit of Jason Stephens. Pet. 7-12.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Elie's claims must be exhausted. *See* 28 U.S.C. § 2254(b) (2000). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (*citing Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Elie's claims are exhausted because they were presented to the Virginia Supreme Court in his post-conviction proceedings.

### B. Statute of Limitations

However, Elie's claims are barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the

> conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2006). Elie's one-year limitations period expired prior to his filing the present petition whether the period is calculated pursuant to 2244(d)(1)(A) or 2244(d)(1)(D).

The Jason Stephens Affidavit, which forms the basis for the present petition, was executed and notarized in February 2002. Pet. 10, Ex. D. Elie relied on the Stephens affidavit when filing his motion for a new trial in the Circuit Court for the City of Newport News on April 17, 2003. Therefore, he had discovered the factual predicate for the current petition by April 17, 2003. *See* 28 U.S.C. § 2244(d)(1)(D) (2006). Pursuant to 28 U.S.C. § 2244(d)(2), the limitations period would be tolled for the time during which the motion for a new trial was pending before the circuit court as well as the Supreme Court of Virginia. *See Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999) (finding that the statute of limitations is tolled for the entire period of the state post-conviction process). Assuming Elie discovered the Stephens affidavit on the day he filed his motion for a new trial, the one-year federal limitations period would begin to run on October 2, 2003, the date the Supreme Court of Virginia dismissed the petition for appeal of the motion for a new trial. Consequently, Elie's one-year limitations period, calculated under 28 U.S.C. § 2244(d)(1)(D) expired by October 2, 2004, over five years before the present petition was filed.

In addition, the one-year limitations period, calculated as running from the date on which Elie's judgment became final pursuant to 28 U.S.C. § 2244(d)(1)(A), would have expired even earlier than October 2, 2004. The Supreme Court of Virginia refused Elie's direct appeal of his convictions on August 2, 2000. Consequently, Elie's conviction became final on November 3, 2000, the date upon which his time for filing a petition for a writ of certiorari in the United States Supreme Court expired. *See Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000); Sup. Ct. R. 13(1) (directing that a notice of appeal must be filed within 90 days after entry of final judgment). The one-year period of limitations was tolled over seven months later on June 28, 2001, when Elie filed a petition for writ of habeas corpus in the Circuit Court for the City of Newport News. *See* 28 U.S.C. § 2244(d)(2) (2006). The petition was denied by the circuit court on August 31, 2001, and Elie did not appeal the denial to the Supreme Court of Virginia. Therefore, the almost five months left for the federal limitations period began running again on August 31, 2001, and expired on January 7, 2002. Elie's next filing was not made until April 17, 2003, when he filed his motion for a new trial. Consequently, Elie's present petition filed on May 17, 2010, is barred by the statute of limitations.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus be DENIED as barred by the statute of limitations, and the respondent's motion to dismiss be GRANTED.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537

U.S. 322 (2003).

## IV. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
May 5, 2011

# CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Jefferson Elie, #1057268
Lawrenceville Correctional Center
1607 Planters Rd.
Lawrenceville, VA   23868


Leah Ann Darron, Esq.
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219


Fernando Galindo, Clerk

By: /s/
Deputy Clerk of the Court

May 6, 2011